IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Phillip E. Glidden, | ) | C/A No. 3:08-1532-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| David Furgal; Craig Valentine; Chanel | ) | |
| Frazier; Sandra Harrison; Shelia E. | ) | |
| Edmunds, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This employment matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion to dismiss. (Docket Entry 22.) The plaintiff, Phillip E. Glidden ("Glidden"), proceeding *pro se*, filed this action pursuant to Title VII of the Civil Rights Act of 1964. Among other allegations, Glidden alleges verbal abuse and intimidation by his supervisor.

## PROCEDURAL HISTORY

The defendants have moved for dismissal of this case. (Docket Entry 22.) By order filed August 27, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 23.) Glidden timely filed a response in opposition to the respondent's motion. (Docket Entry 30.) The motion is now before the court for a Report and Recommendation.

PJG

**DISCUSSION**

The defendants have filed a motion to dismiss asserting that individual federal employees are not proper defendants in this suit.  Further, the defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim based on their contention that Glidden failed to exhaust his administrative remedies before initiating this action.

**A.     Individual Defendants**

Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 86 Stat. 103, 42 U.S.C. § 2000e et seq., sets forth the procedures by which an aggrieved person may seek relief from unlawful discrimination.  Title VII is the exclusive remedy for discrimination claims in federal employment. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1975) (holding that § 717 of Title VII, as amended, "provides the exclusive judicial remedy for claims of discrimination in federal employment").  Pursuant to Title VII, an aggrieved person is limited to filing a civil action as provided in 42 U.S.C. § 2000e-5 against "the head of the department, agency or unit, as appropriate."  42 U.S.C. § 2000e-16(c).  Accordingly, the proper defendant in a Title VII suit is the head of the agency, which in this case is the Postmaster General. Therefore, the individual defendants must be dismissed.[1]  See Gardner v. Gartman, 880 F.2d 797 (4th Cir. 1989) (stating that an employee of the Naval Aviation Depot was required to name the Secretary of the Navy as defendant in her Title VII action for sex discrimination and dismissing the

---

[1]In Glidden's response to the defendants' motion to dismiss, he amended his complaint to add the Postmaster General, John E. Potter, as a defendant in this matter.  (See Docket Entry 30.) It appears that the Postmaster General has not been served with the complaint.  However, for the reasons discussed below, the court recommends granting the motion to dismiss and, therefore, service need not be effected.  Should the assigned district judge conclude that Glidden has exhausted his administrative remedies, Potter must be served with Glidden's amended complaint.



action against the commanding officer of the Depot); Signal v. Gonzales, 430 F. Supp. 2d 528, 537 (D.S.C. 2006) (dismissing individual defendants sued under Title VII).

**B.    Exhaustion**

Notwithstanding the determination of whether Glidden has brought the action against the proper defendant, Glidden's action is subject to dismissal because he has not properly exhausted his administrative remedies.  Title VII creates a right of action for employees alleging "discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).  Federal employees alleging discrimination "must, however, exhaust their administrative remedies before exercising this right."  Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006).  Courts have characterized this exhaustion requirement in a variety of ways.  Some have held that the failure to exhaust deprives the federal court of subject matter jurisdiction.  Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009); E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994); Felder v. Runyon, 2000 WL 1478145, *1 (6th Cir. 2000) (unpublished).  Others describe the requirement as a "jurisdictional prerequisite," a "procedural prerequisite," or simply a requirement.  See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir.1999); Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999); see also Branch-Williams v. Nicholson, 2007 WL 4468707 (D. Md. 2007) (unpublished) (discussing two ways to treat a motion to dismiss for failure to exhaust administrative remedies).  This lack of uniformity in nomenclature clouds the precedent in this circuit.  Compare Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (stating that the failure of the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal court of subject matter jurisdiction) with Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (referring to one of the steps to accomplish exhaustion as a "jurisdictional prerequisite" and stating that the failure

to comply with this prerequisite means that the court's jurisdiction is not properly invoked). Significantly, the Fourth Circuit in Jones cited Davis for the proposition that the failure to exhaust implicated the court's subject matter jurisdiction. However, while the Davis Court did cite to a case in a string cite stating that the district court lacks subject matter jurisdiction to hear a claim that was not raised before the Commission, the Davis Court expressly held that "receipt of, or at least entitlement to, a right-to-sue letter is a *jurisdictional prerequisite*." Id., 48 F.3d at 140 (emphasis added).

While the exhaustion requirement may be "jurisdictional," it is not necessarily the court's subject matter jurisdiction that is implicated. "Subject matter jurisdiction" involves the court's power to hear a case. Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006). In its more general sense, the word "jurisdiction" refers to the power of the court to decide a matter in controversy—literally, its authority to "speak or pronounce the law."[2] In the general sense, federal courts are vested with the power to hear and decide Title VII claims. Thus, the question with regard to unexhausted administrative remedies is more precisely not whether subject matter jurisdiction exists, but whether the court's jurisdiction was properly *invoked*. See Davis, 48 F.3d 134, 137, 140; United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979). Exhaustion of administrative remedies is a statutory and regulatory prerequisite to properly invoke the jurisdiction of the federal court. See, e.g., Davis, 48 F.3d 134, 140 (stating that "that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); Murphy v. West, No. 98-2308, 1999 WL 64284, *2 (4th Cir. 1999) (Table) ("Timely exhaustion of administrative remedies is a

---

[2]See Alexander Hamilton, Federalist No. 81 at n.3 (the word jurisdiction "is composed of JUS and DICTIO, *juris dictio* or a speaking and pronouncing of the law."); cf. Black's Law Dictionary 867-71 (8th ed. 2004) (enumerating 60 different types of "jurisdiction").



prerequisite to filing suit in federal court pursuant to Title VII."); see also 42 U.S.C.§ 2000e-16(c);

29 C.F.R. § 1614.110.

The purpose of the exhaustion requirement is to minimize "judicial interference with the

operation of the federal government." Doe v. Oberweis Dairy, 456 F.3d 704, 712 (7th Cir. 2006)

(quoted in Austin v. Winter, 286 Fed. Appx. 31, 35 (4th Cir. 2008) (unpublished)). Further,

exhaustion affords an "agency the opportunity to right any wrong it may have committed." McRae

v. Librarian of Congress, 843 F.2d 1494, 1496 (D.C. Cir. 1988) (quoted in Austin, 286 Fed. Appx.

at 35). Accordingly, the court finds that premature filing of a Title VII claim in federal court raises

a question of whether the claimant can state a claim upon which relief can be granted rather than an

issue of subject matter jurisdiction.[3]

The Fourth Circuit Court of Appeals has summarized the process by which a federal

employee may seek relief from unlawful discrimination as follows:

> A federal employee who believes that his employing agency discriminated against
> him in violation of Title VII must file an administrative complaint with the agency.
> See 29 C.F.R. § 1614.106. The agency investigates the claim, see 29 C.F.R.
> § 1614.108-109, and, if it concludes there was no discrimination, it issues a final
> agency decision to that effect, see 29 C.F.R. § 1614.110.

Laber v. Harvey, 438 F.3d 404, 416 (4th Cir. 2006). The Fourth Circuit further noted that a federal

employee "may then appeal the agency's decision to the OFO"[4] or may "opt-out of the

administrative process at this point by filing a de novo civil action." Id. at 416 & n.9 (citing 29

---

[3]As a practical matter, the court observes that this debate is largely academic, since federal courts are courts of limited rather than general jurisdiction, and, therefore, must in any event derive their authority to decide a case from the Constitution and laws of the United States. See Patsy v. Bd. of Regents of the State of Fl., 457 U.S. 496, 525 (1982).

[4]OFO refers to the Office of Federal Operations which reviews appeals of federal employees on behalf on the Equal Employment Opportunity Commission ("EEOC") pursuant to 29 C.F.R. § 1614.04(a). For consistency, the court will simply refer to the OFO and the EEOC collectively as "the Commission."

PJG

C.F.R. §§ 1614.401(a), 1614.407(a); 42 U.S.C. § 2000e-16(c)).  If the employee chooses to appeal

the decision to the Commission, the employee may file a civil action with the district court after 180

days have elapsed from the filing of the appeal with the Commission or within 90 days of receiving

the Commission's final decision.  29 C.F.R. § 1614.407(c) & (d).

   In this case, Glidden filed a complaint with the agency on November 29, 2007 as required

by 29 C.F.R. § 1614.404.  (See Docket Entry 22-3.)  It appears that a final agency decision

dismissing the complaint was issued on December 18, 2007.  (Id.); see also 29 C.F.R. § 1614.110.

At this stage, Glidden had the option either to file a civil case with the district court within ninety

days pursuant to 29 C.F.R. § 1614.407[5] or to file an appeal with the Commission within thirty days

pursuant to 29 C.F.R. § 1614.402(a).   Glidden filed an appeal with the Commission on

approximately January 2, 2008, which was within the thirty-day time period provided by 29 C.F.R.

§ 1614.402(a).  (See Docket Entry 22-3 at 4.)  Once an appeal has been filed with the Commission,

the regulations provide that a federal employee may file a civil action with the district court after

180 days of filing an appeal with the Commission or within 90 days of receiving the Commission's

final decision.  29 C.F.R. § 1614.407(c) & (d).  Glidden filed this civil action in the district court on

April 10, 2008, which was less than 180 days after appealing the agency's decision to the

Commission.  Therefore, Glidden's lawsuit was prematurely filed with the district court.

   Courts are split as to whether a prematurely filed Title VII suit must be dismissed based on

the plaintiff's failure to exhaust administrative remedies.  The United States Court of Appeals for

the Fifth Circuit follows a strict exhaustion rule that once a federal employee has appealed an

agency's denial of a Title VII claim to the Commission, the employee "must exhaust that avenue of

---

[5]Glidden did not elect this option and, even if he had, Glidden did not file his civil action until April 10, 2008, which is outside of the ninety-day time period permitted by 29 C.F.R. § 1614.407.

*PJG*

relief before bringing a civil action."[6]  Tolbert v. United States, 916 F.2d 245, 248 (5th Cir. 1990).

Further, some courts have held that the failure to exhaust that avenue cannot be cured by subsequent

events  while the civil suit is pending, such as expiration of the 180-day time period or receiving the

Commission's final decision.  See id. at 249; Hill v. Runyon, 12 F. Supp. 2d 30, 33 (D.D.C.1998);

Rivera v. U.S. Postal Servs., 830 F.2d 1037, 1039 (9th Cir. 1987) (abrogated on other grounds by

Bak v. Postal Serv., 52 F.3d 241, 243 (9th Cir. 1995)).  Other courts have considered additional

factors in determining if dismissal is warranted, such as whether the plaintiff, in failing to exhaust

his administrative remedies before filing the civil suit, impeded the investigation of the agency or

Commission.  See Brown v. Snow, 440 F.3d 1259 (11th Cir. 2006); Mabrey v. Roy Whites Florist,

Inc.,1987 WL 37863, *1 (4th Cir. 1987) (Table) (stating that where "a right to sue letter is filed in

the district court prior to dismissal and there is no showing that early filing of the complaint has

interfered with the administrative function or prejudiced the defendants, the complaint should not

be dismissed as premature").

     Glidden filed this civil action while his case was pending at the Commission and before 180

days had passed.  Applying the strict exhaustion rule, Glidden had not exhausted his administrative

remedies at the time of filing and, therefore, his case should be dismissed.  Even considering other

factors, it does not appear that Glidden has received a right-to-sue letter since initiating this case,

nor does it appear that the Commission or the agency has investigated the merits of Glidden's claim.

Based on the evidence available, following the filing of this civil suit, the Commission remanded

Glidden's claim to the agency on or about May 6, 2008 and as of August 26, 2008, the claim was

under investigation by the agency.  (See Docket Entry 22-3 at 4.)  Further, in Glidden's response to

---

[6]"Exhausting that avenue" would require either waiting the 180-day period before filing a
civil suit or receiving a final decision from the Commission.

the defendants' motion to dismiss, he asserts that the agency has since dismissed his claim based on the fact that he filed suit in federal court.  (See Docket Entry 30.)  Due to Glidden's failure to properly exhaust his administrative remedies, neither the agency[7] nor the Commission has had the opportunity to investigate the merits of Glidden's claim and right any wrong that may have been committed.  Under these circumstances, Glidden's premature filing in federal court should result in dismissal.

### RECOMMENDATION

The individual defendants should be dismissed because they are not proper parties to a Title VII claim.  42 U.S.C. § 2000e-16(c).  Moreover, Glidden has failed to properly exhaust his administrative remedies and has therefore not properly invoked the jurisdiction of the federal district court.  Accordingly, the court recommends that the defendants' motion to dismiss (Docket Entry 22) be granted and that Glidden's complaint be dismissed without prejudice.  Further, the court recommends that, should the district court adopt this recommendation, the defendants' motion to stay the scheduling order (Docket Entry 36) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 20, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the following page.*

---

[7]It appears that the agency's initial dismissal of Glidden's complaint on December 18, 2007 was based on procedural grounds.  (Docket Entry 22-3.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).