IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Phillip E. Glidden, ) | C/A No.: 3:08-1532-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| David Furgal; Craig Valentine; Chanel Frazier; ) | **ORDER** |
| Sandra Harrison; Shelia E. Edmunds, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation dated February 20, 2009 [dkt. #39] ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The pro se plaintiff, Phillip E. Glidden, initiated this action against the defendants alleging claims of discrimination under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). Specifically, plaintiff contends he was subjected to verbal abuse and intimidation while he served as an employee of the United States Postal Service Mail Handling Facility in West Columbia, South Carolina.

Defendants filed a motion to dismiss on August 26, 2008 [dkt. #22], and the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff's response in opposition to the motion was filed on September 25, 2008 [dkt. #30].

The Magistrate Judge's Report recommends that the defendants' motion to dismiss should be granted on grounds that plaintiff has not exhausted his administrative remedies before filing a Title VII claim in federal court. The Report suggests that the individual defendants are not proper defendants in this federal employment discrimination action, which by statute can only be brought against the head of the agency or department in his official capacity. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. Plaintiff was advised of his right to file objections to the Report by March 9, 2009. As of the date of this order, the court has not received any objections to the Report.

Title VII provides the exclusive remedy for discrimination claims in federal employment and outlines the procedures by which an aggrieved person may seek relief from unlawful discrimination. Brown v. Gen. Serv. Admin, 425 U.S. 820, 835 (1975).

Additionally, such a civil action is limited to the head of the department, agency or unit, as appropriate. 42 U.S.C. § 2000e-16(c). Therefore, the proper defendant in this suit is the Postmaster General, not the named individual defendants. Although plaintiff in his response unilaterally changed the caption and attempted to amend his complaint to name the Postmaster General as a defendant in this matter, he did so without leave of court or consent of the opposing party as required by Fed. R. Civ. P. 15(a).

Independently, as the Report recommends, the action is subject to dismissal because plaintiff has not properly exhausted his administrative remedies. While Title VII creates a right of action for employees alleging discrimination, federal employees must exhaust their administrative remedies before exercising this right. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006).

The Report reviews various Fourth Circuit and sister Circuit precedent and notes that the courts have not been uniform in their treatment of the exhaustion of remedies. For example, in Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009), the Fourth Circuit stated that the failure of a plaintiff to exhaust the administrative remedies of a Title VII claim deprives the federal court of subject matter jurisdiction. However, the court in Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) referred to one of the steps to accomplish exhaustion as a "jurisdictional prerequisite" and stated that such a failure to comply means that the court's jurisdiction had not been properly invoked. Regardless of whether the analysis is conducted under a 12(b)(1) or 12(b)(6) framework, there appears no

dispute that as of the date of the filing of plaintiff's lawsuit on April 10, 2008, he had not received a right-to-sue letter.

Plaintiff filed his original complaint with the agency on November 29, 2007 and a final agency decision issued on December 18, 2007, dismissing the complaint on procedural grounds. Plaintiff then filed an timely appeal with the Commission on January 2, 2008 pursuant to 29 C.F.R. § 1614.402(a) and has the option to file an action in this court after 180 days of the filing of the appeal or within 90 days of receiving the Commissioner's final decision. Plaintiff filed this action in this court prematurely, prior to the expiration of the requisite 180-day waiting period after appealing the agency's decision to the Commission. The record is unclear as to whether the agency has completed its investigation of the merits of his claim, although in plaintiff's reply to the defendants' motion he asserts that the agency dismissed his claim based on the fact that he filed suit in federal court. Ultimately, this failure to exhaust by plaintiff means that neither the agency nor the Commission has fulfilled its investigation of the merits of plaintiff's claim. Thus, the court finds plaintiff's claim is premature in this court.

In light of the standard set out above, after reviewing the law and the Report, the court is of the opinion that further oral argument would not aid in the decisional process. The court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge and incorporates the Report by specific reference.

The court grants defendants' motion to dismiss and dismisses this action without prejudice. Plaintiff may choose to refile this action against the Postmaster General within 90 days of receiving the Commissioner's final decision on his appeal. If in fact, the Commissioner has dismissed plaintiff's claim based on the fact that he filed suit in federal court, plaintiff should attach such documentation to his refiled suit. Should plaintiff choose to refile this action, he should take care to indicate whether he has obtained a right-to-sue letter, and should make specific allegations setting forth exactly what he claims the defendants did to him which constituted discrimination under Title VII.

IT IS SO ORDERED.

March 11, 2009　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　United States District Judge