IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA


| Phillip E. Glidden, | ) | C/A No.: 3:08-1532-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| David Furgal; Craig Valentine; Chanel Frazier; | ) | **ORDER** |
| Sandra Harrison; Sheila E. Edmunds; and | ) | |
| John E. Potter, Postmaster General, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Phillip E. Glidden, initiated this action on April 10, 2008 against

the individual defendants alleging claims of discrimination under Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). Specifically, the

plaintiff contends he was subjected to verbal abuse and intimidation while he served as an

employee of the United States Postal Service.

Defendants filed a motion to dismiss on August 26, 2008. The court issued an order

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying plaintiff of the

summary dismissal procedure and possible consequences if he failed to adequately respond

to the motion for summary judgment. The plaintiff responded to the motion.

The Magistrate Judge assigned to this action[1] prepared a Report and Recommendation

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local
Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation
has no presumptive weight, and the responsibility to make a final determination remains with the court.
(continued...)

on February 20, 2009 ("First Report"), wherein she suggested that the defendants' motion to dismiss should be granted because the plaintiff had not exhausted his administrative remedies. The Magistrate Judge further opined that the individual defendants were not proper parties in an employment discrimination action.

The plaintiff was advised of his right to file objections to the First Report. On March 11, 2009, after the time expired to file objections, the undersigned adopted the First Report, granted the individual defendants' motion to dismiss, and entered judgment accordingly. The action was dismissed without prejudice and with leave to refile against the Postmaster General within 90 days of receiving the Commissioner's final decision on his appeal.

The same day the order dismissing the action was entered, the plaintiff filed a late objection to the Report and to the defendants' motion to dismiss. The court interpreted the plaintiff's filings as a Motion to Alter or Amend the Judgment under Rule 59 of the Federal Rules of Civil Procedure. The court then vacated its March 11, 2009 order of dismissal and remanded the case to the Magistrate Judge for further pretrial proceedings on the merits.

On April 6, 2009, the individual defendants filed a renewed motion to dismiss and to substitute John Potter, Postmaster General, as the sole defendant. The plaintiff responded to the motion and filed an amended complaint naming the Postmaster General as a defendant, yet retaining the other individual defendants as parties. The plaintiff did not have leave of

---

[1](...continued)

*Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

court or consent of the opposing party to amend the complaint as required by Fed. R. Civ. P. 15(a).

On July 24, 2009, the Magistrate Judge issued a second Report and Recommendation ("Text Report") suggesting dismissal of the individual defendants "for the reasons stated in the defendants' memorandum in support of their renewed motion to dismiss [doc. # 50-2]; the court's previous Report and Recommendation [doc. # 39]; and the district court's prior order granting the motion to dismiss [doc. # 41]." The Magistrate Judge suggested that John Potter, Postmaster General, was the only proper defendant in this case.

The plaintiff was advised of his right to file objections to the Text Report. The plaintiff has not filed any objections to the Text Report as of the date of this order or within the prescribed time limits.

After reviewing the record, the applicable law, and the Text Report, the court finds it appropriate to grant the defendants' renewed motion to dismiss the individual defendants. Accordingly, the individual defendants David Furgal, Craig Valentine, Chanel Frazier, Sandra Harrison, and Sheila Edmunds are dismissed *with prejudice*. This case shall be returned to the Magistrate Judge for further proceedings on the merits regarding the remaining defendant, John Potter, Postmaster General.

IT IS SO ORDERED.

October 1, 2009
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge