IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Phillip E. Glidden, | ) | C/A No. 3:08-1532-JFA-PJG |
|       Plaintiff, | ) | |
| v. | ) | **ORDER** |
| John E. Potter, | ) | |
|       Defendant. | ) | |

The plaintiff, Phillip E. Glidden ("Glidden"), proceeding *pro se*, filed this action pursuant to Title VII of the Civil Rights Act of 1964. This matter is before the court on the plaintiff's "Motion to Overturn Order to Dismiss" (Docket Entry 85), which the court is interpreting as a motion for reconsideration of its order (Docket Entry 82) dismissing certain defendants in this action because they are not proper parties. For the following reasons, Glidden's motion is denied.

Glidden initially filed this action purportedly asserting Title VII claims against David Furgal, Craig Valentine, Chanel Frazier, Sandra Harrison, and Sheila E. Edmunds. (Docket Entry 1.) Upon receipt of the Complaint in this matter, these defendants, who are individual federal employees, moved to dismiss Glidden's claims against them based on 42 U.S.C. § 2000e-16(c), which provides that an aggrieved person is limited to filing a civil action as provided in 42 U.S.C. § 2000e-5 against "the head of the department, agency or unit, as appropriate." The assigned magistrate judge issued a Report and Recommendation concluding, among other things, that these defendants should be dismissed. (Docket Entry 39.) The court initially adopted the Report and Recommendation, (Docket Entry 41), but subsequently vacated the order on other grounds not affecting the propriety of the individual defendants as parties (Docket Entry 47). Accordingly, the individual federal employee

1

defendants again moved for dismissal.[1]  By a docket text Report and Recommendation issued July 24, 2009, the magistrate judge again recommended dismissing them.  (Docket Entry 68.)  The docket reflects that, along with a written copy of the text of the Report and Recommendation that had been entered into the docket, the Clerk of Court, at the specific direction of the magistrate judge, provided Glidden with written notice of his right to file objections to the Report and Recommendation.[2]  Glidden did not do so, and the court again dismissed the individual federal employee defendants by order filed October 1, 2009.  (Docket Entry 82.)

Glidden now moves to "overturn" this order, claiming that he never received notice of his right to file objections to the July 24, 2009 Report and Recommendation.  He further asserts that he was "out-of-state for five weeks during the summer and much of Plaintiff's mail was never forwarded, and in some cases never recovered."  (Docket Entry 85.)

"[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.).  The United States Court of Appeals for the Fourth Circuit has identified only three reasons warranting such reconsideration: (1) to follow an intervening change in the law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice.  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Glidden has provided no basis for the court to reconsider its order.  First, the docket reflects that Glidden was indeed provided the notice at issue.  (Docket Entry 69) (containing deputy clerk's

---

[1] In the interim, Defendant John E. Potter was served with the Complaint and added as a defendant.  (Docket Entry 60.)

[2] The court observes that Glidden was also provided the opportunity to file objections to the initial Report and Recommendation filed on February 20, 2009 (Docket Entry 39) regarding this very issue.

notation that notice of the right to file objections was mailed to the plaintiff with the text of the Report and Recommendation). Further, at the inception of this case Glidden was advised of his obligation to keep the court apprised of any change in his address and the consequences of failing to do so. (Docket Entry 11.) Additionally, this precise issue had previously been litigated and Glidden was provided the opportunity to file objections at that time. Glidden failed to timely do so. Ultimately, Glidden filed two untimely submissions (Docket Entries 45 & 46), which, despite their tardiness, were nevertheless considered by the court as a motion to alter or amend under Rule 59 of the Federal Rules of Civil Procedure. (Docket Entry 47.) The court vacated its prior order based on Glidden's filings. (Docket Entry 47.) Notably, Glidden's untimely filings raised no argument regarding the propriety of the individual federal employees as defendants. (See Docket Entries 45 & 46.) Finally, Glidden has presented absolutely no authority suggesting that the individual federal employees are proper defendants in this action. Cf. 42 U.S.C. § 2000e-16(c) (providing that the head of the department—in this case, Postmaster General John E. Potter—is the proper defendant in a Title VII action by a federal employee asserting discrimination).

For these reasons, it is hereby

**ORDERED** that Glidden's "motion to overturn" (Docket Entry 85) the court's order dismissing the individual federal employee defendants be denied.

**IT IS SO ORDERED.**

February 23, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3